UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BAY TEK ENTERTAINMENT, INC.,

    Plaintiff,

v.                                                    Case No. 18-C-1892

WEDGES & LEDGES OF CALIFORNIA, INC.
and STEPHEN SHOEMAKER,

    Defendants.

---

## DECISION AND ORDER OF DISMISSAL

---

Bay Tek Entertainment, Inc., a Wisconsin corporation that develops and manufactures arcade games, filed this action for declaratory relief against Wedges & Ledges of California, Inc., a company that also develops and sells arcade games, along with Stephen Shoemaker, Wedges & Ledges' president, seeking a determination that the parties never entered into a contractual relationship. Federal jurisdiction is predicated on 28 U.S.C. § 1332. The case is before the court on the defendants' motion to dismiss this action and the plaintiff's motion to transfer the mirror image action Shoemaker commenced against Bay Tek for breach of contract, which is currently pending in the United States District Court for the Central District of California, to this court. For the reasons that follow, the defendants' motion to dismiss will be granted and the plaintiff's motion to transfer will be denied as moot.

The case arises out of a series of business dealings between Bay Tek and Stephen Shoemaker between the summer of 2017 and October 2018 concerning the development and licensing of an arcade game that Shoemaker invented. On November 8, 2018, Shoemaker's attorney sent Bay Tek a detailed demand letter asserting that Bay Tek had breached the development and

licensing agreement the parties had entered into in October 2017 during an in-person meeting in Redondo Beach, California, and demanding compensation for Bay Tek's breach of contract. In response, Bay Tek filed this action on December 1, 2018, seeking a declaration that no contract existed between the parties and that Bay Tek is not liable to Shoemaker or Wedges & Ledges. On January 11, 2019, Shoemaker sued Bay Tek in California state court for breach of contract and related claims based on the same series of events. Bay Tek removed Shoemaker's action to federal court where it was stayed on stipulation of the parties to allow informal discovery and settlement discussions.

The defendants assert that the court should not exercise jurisdiction over Bay Tek's complaint seeking declaratory relief in this court under the *Wilton/Brillhart* abstention doctrine because the case before the Central District of California is a parallel proceeding between the same parties addressing the same issues that would resolve the issues on the merits. *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). Under the *Wilton/Brillhart* abstention doctrine, "district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010) (internal quotation omitted). "This discretion arises from the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 itself, which provides that district courts 'may declare the rights and other legal relations of any interested party seeking such declaration.'" *Id.* (quoting 28 U.S.C. § 2201(a)). "The discretionary nature of the Act led the Supreme Court to hold in *Brillhart* and *Wilton* that district courts have substantial discretion in deciding whether to declare the rights of litigants and may, in the sound exercise of their discretion, stay or dismiss an action seeking a declaratory judgment in

2

favor of an ongoing state court case." *Id.* (citing *Brillhart*, 316 U.S. at 494–95; *Wilton*, 515 U.S. at 288).

The Seventh Circuit has explained that, in deciding whether to abstain under *Wilton/Brillhart*, a court should consider various factors, including:

> whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time.

*Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). "This is an inherently discretionary call for the district court, 'because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within [its] grasp.'" *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (quoting *Wilton*, 515 U.S. at 289). At the same time, the court has also made clear that, as a general rule, cases seeking only declaratory relief should generally give way to cases seeking the coercive relief in the form of damages. *See Research Automation, Inc. v. Schrader-Bridgeport Int'l., Inc.*, 626 F.3d 973, 980 (7th Cir. 2010) ("Since *Graybar Electric*, we have made clear that where the facts of that case are replicated—that is, where the parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief—we ordinarily give priority to the coercive action, regardless of which case was filed first.") (citing *Martin v. Graybar Elec. Co.*, 266 F.2d 202 (7th Cir. 1959)). This is especially true where one party files a lawsuit in anticipation of an impending suit by the opposing party, since "[t]his type of behavior only exacerbates the risk of wasteful litigation." *Id.*

Applying these principles to the facts before me, I am satisfied that abstention is proper in this case. Bay Tek is essentially asking the court to decide whether the parties entered into a

3

contractual relationship that could support Shoemaker's claim for damages. The court presiding over Shoemaker's California action will not only decide that issue, but will also determine if a contractual relation is found to exist the damages, if any, to which Shoemaker is entitled. Although Wedges & Ledges is not a party in the California case, this fact does not change the result, since it is Shoemaker individually, and not his licensing company, that has asserted the existence of the contractual relationship. And while it is true that Bay Tek filed its action first, this fact is also irrelevant as the Seventh Circuit has "repeatedly taught that this circuit does not rigidly adhere to a first-to-file rule," *Research Automation, Inc.*, 626 F.3d at 980, especially where the first filed action is a mirror image action for declaratory relief.

For all of these reasons, the defendants' motion to dismiss (Dkt. No. 18) is **GRANTED**. The plaintiff's motion to transfer Shoemaker's action to this court (Dkt. No. 8) is **DENIED as moot**. Even if it were not moot, the motion to transfer another court's case to this court would be denied since this court has no authority to order such a transfer. *Sundstrand Corp. v. Am. Brake Shoe Co.*, 315 F.2d 273, 276 (7th Cir. 1963) (holding that an order by the Northern District of Illinois purporting to transfer a case pending in the District of Maryland "usurped the prerogative of that court"). The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED** this   22nd   day of August, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court